**COLLECTOR OF REVENUE,**
**Plaintiff/Respondent,**

v.

**PARCELS OF LAND, Albert Hendricks and Marcelene Hendricks, Defendants-Intervenors/Appellants.**

**No. 48289.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 13, 1984.

Louis Gilden, St. Louis, for defendants-intervenors/appellants.

Bernard John Cuddihee, St. Louis, for plaintiff/respondent.

CRIST, Judge.

This is an appeal from a judgment determining adequate consideration for property sold at a tax sale under the Municipal Land Reutilization Law. Section 92.700, *et seq.*, RSMo 1978. We affirm.

On July 28, 1983, the trial court heard evidence on the confirmation of the sale of parcel 46–138, a residence previously owned by appellants Albert Hendricks and Marcelene Hendricks, to Geraldine Evans, the purchaser at the land reutilization sale held on June 23, 1983. The purchase price of this sale was $1,425. The trial court confirmed the sale.

Thereafter, Hendricks were granted leave to intervene as defendants. They filed a counterclaim alleging, among other things, inadequacy of consideration. On October 18, 1983, a hearing was held on Hendricks' counterclaim. The trial court found adequate consideration for the residence to be $2,000. Evans paid $575 to the Sheriff in addition to the $1,425 previously paid by her. The seminal issue on this appeal is whether Evans paid adequate consideration for the residence as required by § 92.840, RSMo 1978.

Hendricks put forth four points relied upon, all of which relate to the weight of the testimony of purchaser Evans' appraiser. At the confirmation hearing, Evans' appraiser testified the forced sale value of the residence was $1,100, and $1,425, the amount of the tax lien, was adequate consideration for the residence. At that hearing, Evans' appraiser also testified he had been inside the residence.

At the hearing on Hendricks' counterclaim, Hendricks offered the testimony of Evans' appraiser, their own appraiser and two other witnesses. Evans' appraiser again testified the residence before sale was worth $1,100, and $1,425 was adequate consideration. He admitted he had looked inside the residence, but was not permitted inside by the occupants of the residence. His original appraisal and his most recent appraisal were made without entry into the residence. But, by looking through a window, considering the location (a crime area), the vacated residences, the neighborhood as a whole, sale of comparable property and by considering the exterior, he was able to estimate the value of the residence. Hendricks' second appraiser testified the residence was worth about $6,000 at forced sale, with a fair market value of $15,000. The trial court found adequate consideration to be $2,000.

The judgment of the trial court is supported by substantial evidence, and is not against the weight of the evidence. No error of law appears. An extended opinion would have no precedential value.

Judgment affirmed in accord with Rule 84.16(b).

DOWD, P.J., and CRANDALL, J., concur.